IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-374-1BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| TRAVIS ANDREWS RICKS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to

18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of

a member of an ATF task force, and defendant the testimony of the proposed third-party custodian,

his mother. The court also reviewed the pretrial services report.[1] After careful consideration

pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on

the findings and reasons stated below and in open court, the court finds by a preponderance of the

evidence that there is no condition or combination of conditions that will reasonably assure

defendant's appearance as required, and by clear and convincing evidence that there is no condition

or combination of conditions that will reasonably assure the safety of any other person and the

community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was indicted on 17 November 2010 for: possession of a firearm by a convicted

felon (ct. 1), possession with intent to distribute a quantity of cocaine base (*i.e.*, crack) (ct. 2), and

possession of a firearm in furtherance of the drug trafficking crime charged in count 1 (ct. 3), all

allegedly occurring on or about 20 January 2010. The testimony by the government's witness at the

---

[1] As noted by the court at the hearing, the Probation Office advised the court that the offense listed as no. 8 on page 5 of the pretrial services report does not pertain to defendant and the court has not considered it in its determination of the motion for detention.

hearing showed that the charges arise from a search of defendant and his vehicle during the nighttime on the alleged offense date. Defendant was sitting in his vehicle in a vacant lot and exited the vehicle. An investigating officer began speaking to him. Defendant, who was nervous and kept reaching into his pockets, consented to a search of his person by the police. They found 14 rocks of crack in a pocket. They also located in plain view in the front seat area of his vehicle a 9 millimeter pistol, which was later determined to be loaded. While being questioned, defendant took a step away from the officers, which they interpreted as an effort to flee, although no struggle ensued. At the time, defendant had been convicted of more than one felony and was on state probation (*see* Pretrial Services Rept., Offense no. 11).

## Discussion

Given the nature of several of the charges against defendant, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug- and firearm-related nature of the offenses charged; the circumstances of the offenses charged, including the fact that the pistol was loaded, the distribution quantity of narcotics involved, defendant's commission of the alleged offenses while he was on probation, and the substantial prison term defendant faces if convicted; defendant's criminal record, including four felony drug convictions, nine misdemeanor convictions, two prior probation revocations, defendant's repeated drug use while on probation, and defendant's having been previously incarcerated six times without a cessation of criminal conduct; the unsuitability of the proposed third-party custodial arrangement (notwithstanding the clear suitability of the proposed

2

custodian herself) due to the high risk of flight and danger presented by defendant, the proposed custodian's absence from the home during work hours each day, and the proposed custodian's lack of influence over defendant (through no apparent fault of hers); and, as indicated, the other findings and reasons stated in open court.

The court considered evidence and argument offered as mitigating, but finds that the evidence favoring detention outweighs such considerations. For example, the fact that defendant showed some level of cooperation during his arrest does not offset his clear disregard of the law and court orders. In addition, although the instant offense was not violent, it certainly had the potential for violence given defendant's possession of a loaded pistol in his car in connection with his apparent drug trafficking during the night in question.

The court has given little weight to defendant's having stepped away at the time of his arrest as an indicator of flight risk. Rather, the court's finding with respect to flight risk is grounded primarily in the substantial term of imprisonment defendant faces if convicted, the resultant incentive to flee this potential punishment provides defendant, and his record of disregard of the law and court orders, which would undoubtedly extend to any release order in this case. These considerations outweigh the ties defendant has to the community and the other considerations weighing against flight.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government,

3

the person in charge of the corrections facility shall deliver defendant to the United States Marshal

for the purpose of an appearance in connection with a court proceeding.

This, the 6th day of December 2010.

James E. Gates
United States Magistrate Judge