IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-374-BR
No. 5:12-CV-105-BR

| | | |
|---|---|---|
| TRAVIS ANDREWS RICKS, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

On 4 February 2012, the court held a hearing on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. At that hearing, the court announced its intended ruling on petitioner's motion. This order memorializes that announcement and sets forth in greater detail the court's basis for its intended ruling.

Prior to being indicted in this court, petitioner was convicted of a number of offenses in North Carolina state court. Relevant for purposes of the instant motion are the following convictions: possession of cocaine (1996); possession of cocaine (2001); possession with intent to sell and deliver cocaine (2008); and possession of cocaine (2008). (PSR ¶¶ 6, 11, 14, 15.) Based on the judgments of conviction, it is evident that petitioner could not have received a sentence of imprisonment in excess of one year on any of these prior convictions. (Mem., Exs. A-D, DE ## 34-1, 34-2, 34-3, 34-4.) See also N.C. Gen. Stat. §§ 90-95(b)(1) (possession with intent to sell and deliver cocaine is Class H felony), (d)(2) (2012) (possession of cocaine is Class I felony); 15A-1340.17(c) (range of minimum terms of imprisonment), (d) (1997) (corresponding maximum terms of imprisonment).

In 2010, petitioner was indicted in this court and charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) (Count One); possession with

intent to distribute a quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count Two); and, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Three). In 2011, petitioner pled guilty to Counts One and Two pursuant to a plea agreement. The court sentenced him to 70 months imprisonment on each count, with the terms to run concurrently. Count Three was dismissed at sentencing on motion of the government and pursuant to the plea agreement. Petitioner did not appeal.

Petitioner filed the instant motion on 1 March 2012. He claims that he is innocent of Count One because in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), none of his prior North Carolina convictions qualify as felonies for purposes of § 922(g)(1). (Mem., DE # 34, at 4.) He requests that his conviction and sentence on Count One be vacated and that he be resentenced on Count Two. (Id. at 5; Pet., DE # 33, at 14.) Although the government initially moved to dismiss the § 2255 motion, it has recently withdrawn that motion. (See DE # 49.)

The government explicitly waives any reliance on a statute of limitations defense and on the post-conviction waiver in the plea agreement. (Not., DE # 49, at 1-2.) More importantly, it urges the court to "reach the merits of petitioner's claim" and acknowledges that "petitioner has a meritorious claim of actual innocence." (Id. at 2-3.) However, in addition to vacation of petitioner's conviction on Count One, the government requests that the court reinstate Count Three pursuant to 18 U.S.C. § 3296(a). (Id. at 3.) Petitioner opposes reinstatement of this charge. (Reply, DE # 50.)

Title 18, United States Code, Section 3296(a), enacted in 2002, provides:

> Notwithstanding any other provision of this chapter, any counts of
> an indictment or information that are dismissed pursuant to a plea

> agreement shall be reinstated by the District Court if--
> (1) the counts sought to be reinstated were originally filed within the applicable limitations period;
> (2) the counts were dismissed pursuant to a plea agreement approved by the District Court under which the defendant pled guilty to other charges;
> (3) the guilty plea was subsequently vacated on the motion of the defendant; and
> (4) the United States moves to reinstate the dismissed counts within 60 days of the date on which the order vacating the plea becomes final.

At issue here is whether the third requirement has been met. Petitioner contends that because he attacks only one count of his two counts of conviction and because he is not challenging the voluntariness of his plea, he is not attacking the "entire" plea agreement. Therefore, he continues, Count Three cannot be reinstated under § 3296(a). The government counters that the effect of what petitioner seeks by way of § 2255 relief is to get out of the plea agreement, which satisfies § 3296(a)(3). As far as the court is aware, the resolution of this issue is one of first impression.

The court concludes that under the circumstances here, the practical effect of vacating petitioner's conviction on Count One undoes the plea agreement and hence petitioner's guilty plea. With the plea agreement, petitioner received benefits thereunder, of particular significance the dismissal of Count Three. The government also received benefits, namely petitioner's plea of guilty to Counts One and Two. At the time the parties negotiated their agreement, they had an idea of the likely sentence petitioner might receive. Now, by virtue of a change in law– Simmons, petitioner is innocent of the charge in Count One. Another change in the law operates to benefit petitioner. If he is resentenced on Count Two, as he requests, he would get the benefit of the amendments to the sentencing guidelines as a result of the Fair Sentencing Act, which may

3

result in his receiving a much lower sentence of imprisonment on that count. The application of these changes in the law drastically alters what the parties bargained for and in effect nullifies the plea agreement. The end result is the vacation of petitioner's guilty plea, and therefore, § 3296(a) comes into play, allowing for reinstatement of Count Three. Because the court has "a broad and flexible power" under § 2255 "to fashion an appropriate remedy," United States v. Stitt, 552 F.3d 345, 355 (4th Cir. 2008) (quotations and citation omitted)), if the court vacates the conviction and sentence on Count One and reinstates Count Three (if the government so moves), the court will vacate the conviction and sentence on Count Two so as to return the parties as close as possible to their pre-plea agreement positions, see United States v. Maybeck, 23 F.3d 888, 894-95 (4th Cir. 1994) (remanding for resentencing because defendant was improperly sentenced as a career offender but recognizing that the district court may find it appropriate to "vacate the guilty plea and order [the parties] to enter into a new agreement" and "if the parties fail to reach agreement, they should be ordered to proceed to trial on an appropriate indictment"); but see United States v. Barron, 172 F.3d 1153, 1158-60 (9th Cir. 1999) (holding that where a defendant collaterally attacks only one count of a multi-count conviction, the district court should resentence the defendant on the unchallenged counts of conviction, rather than condition relief on the defendant's withdrawal of his plea and return the parties to the status quo ante). In other words, if petitioner's motion to vacate is allowed, Counts Two and Three (contingent on the government's motion for reinstatement) will remain for further proceedings.

As the court stated at the hearing, it is entirely up to petitioner as to whether to proceed with vacation of his conviction on Count One. The court allows him seven days from the filing of this order to determine whether to proceed with his § 2255 motion or to withdraw it, and he is

4

DIRECTED to file a written response to that effect within that time.

This 6 February 2013.

                                            W. Earl Britt
                                            Senior U.S. District Judge