IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-374-BR
No. 5:12-CV-105-BR

| | | |
|---|---|---|
| TRAVIS ANDREWS RICKS, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255.

By way of brief background, in 2010, petitioner was charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) (Count One); possession with intent to distribute a quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count Two); and, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Three). Pursuant to the terms of a plea agreement, he pled guilty to Counts One and Two, and Count Three was dismissed on the government's motion. The court sentenced petitioner to 70 months imprisonment on each count, with the terms to run concurrently.

With the instant motion, petitioner seeks to vacate his conviction and sentence on Count One based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), as none of his prior North Carolina convictions qualify as felonies for purposes of § 922(g)(1). The government agrees that petitioner is entitled to this relief. However, the parties disagree about whether petitioner is entitled to re-sentencing on Count Two and whether the government may reinstate Count Three. The court held a hearing on the § 2255 motion on 4 February 2013. At

that hearing, and memorialized in the court's 6 February 2013 order, (DE # 55), the court informed petitioner that it intended to vacate his convictions and sentences on Counts One and Two and that Count Three may be reinstated on the government's motion pursuant to 18 U.S.C. § 3296(a). The court allowed petitioner time to determine whether to proceed with his § 2255 motion or to withdraw it. After appointment of new counsel and several extensions of time, petitioner has filed a response indicating that he wishes to proceed with the § 2255 motion. (DE # 67.)

Accordingly, for the reasons set forth in the court's 6 February 2013 order, the § 2255 motion is ALLOWED. The judgment dated 31 May 2011 is hereby VACATED. Count One is DISMISSED. Petitioner's conviction on Count Two is VACATED, and arraignment and trial thereon is set for 11 July 2013. Reinstatement of Count Three is contingent upon the government's subsequent filing of a motion to that effect.

This 30 May 2013.

W. Earl Britt
Senior U.S. District Judge

2

Case 5:10-cr-00374-BR   Document 68   Filed 05/30/13   Page 2 of 2